IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK, )<br>       Plaintiff,           )<br>                                    )<br>v.                                 )<br>                                    )<br>C/O C. MULLENS, *et al.*, )<br>       Defendants.       ) | Civil Action No. 7:22cv00291<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Riddick has not paid the filing fee, but he has filed documents in support of an application to proceed *in forma pauperis*. (Dkt. No. 6.) The court referred the case, along with a number of other open cases filed by Riddick, to mediation with a U.S. Magistrate Judge. (Dkt. No. 5.) It also stayed the case pending the conclusion of the mediation. (*Id.*)

Based on court records, though, it is clear that at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Riddick may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

detail herein, the court will lift the stay in the case, withdraw the reference of this case to mediation, and dismiss the complaint in its entirety.

Riddick's complaint alleges claims against five defendants: C/O C. Mullens, Unit Manager Larry Collins, Sgt. B. Barnette, disciplinary hearing officer Ramey, and Warden Rick White. Against Mullens, Riddick asserts an Eighth Amendment claim of excessive force and a First Amendment retaliation claim. These claims stem from a September 9, 2021 incident in which Mullens allegedly assaulted Riddick and from Mullens' filing of allegedly fabricated disciplinary charges arising from the same incident. Riddick alleges that defendants Collins and Barnette violated his Eighth Amendment rights because they were present when Mullens assaulted him, and they failed to intervene. He also faults them for putting him on a "modified strip" status for four hours after the incident, without prior notice or a hearing.

Riddick's complaint points out a number of ways in which he believes defendant Ramey violated his due process rights under the Fourteenth Amendment, all during the course of disciplinary proceedings arising from the charges filed by Mullens. As to White, Riddick contends that White also violated his due process rights when he failed to overturn the disciplinary convictions on appeal. He also refers to one or more of the defendants being "grossly," "willfully," or "wantonly" negligent, apparently in an attempt to assert state-law tort claims. (*See generally* Compl., Dkt. No. 1.)

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F.

App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Riddick's claims arise from an incident that occurred approximately nine months before he filed his lawsuit. He does not allege that he is currently in any danger of serious physical injury or that any future danger related to the claims in his lawsuit is imminently likely.

As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: August 9, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge